UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

TIMOTHY WARD *et al.*,            Plaintiffs,

v.            Civil Action No. 3:17-cv-59-DJH

KATHLEEN SISCO *et al.*,            Defendants.

* * * * *

## MEMORANDUM OPINION

Plaintiffs Timothy Ward and Carrie Ward filed the instant *pro se* action. Rule 12(h)(3) of the Federal Rules of Civil Procedure provides, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." A review of the complaint reveals that this Court lacks subject-matter jurisdiction. Therefore, the Court will dismiss the action.

### I. SUMMARY OF CLAIMS

Plaintiffs name the following Defendants: Kathleen Sisco; Strictly Referrals; Wilburn R. Sisco; and Moulton and Long, PLLC A/K/A C. Mike Moulton. The complaint also names as real parties in interest Ocwen Loan Servicing, LLC, and VA Vendee Financing. The complaint stems from Plaintiffs' attempt to purchase a home in Elizabethtown, Kentucky. The complaint describes the "Nature of the Action" as follows:

> [] This action is brought pursuant to
> I. Kentucky Consumer Protection Act, K.R.S § 367.170, *et seq*.
> II. Common Law for Breach of Implied Warranty
> III. Common Law Breach of Express Warranty
> IV. Common Law Claim Unjust Enrichment
> V. Common Law Negligent Misrepresentation
> VI. Common Law Fraud

In the statement of facts, Plaintiffs state that "the Defendants agreed to sell the property for $100.000 with a $2000.00 down payment." They further allege the following:

> [] The Plaintiffs states that the Defendants Wilburn Sisco and Kathleen Sisco stated and agreed to a 30 day warranty on the property, beginning March 11th 2016 and ending May l0th 2016. The Plaintiffs states that the Defendants agreed to a 30 day Warranty on the property. the Defendants agreed the warranty would cover any problems the property would have and the Defendants would pay for the problem and repairs. The Defendants were informed about problems with the property and breach the 30 day Warranty did not fix the problems. The Plaintiffs states that the Defendants failed to fix and replace the window and frames that were rooting away. There were several window that did not open, and widow frames were rooting away, this may be a termite problem. The Plaintiff has had to fix problems and pay for repairs, the Defendants' refused to pay for the repairs. The Defendants action violates the 30 day Warranty agreement.
>
> [] The Plaintiffs states that the Defendants deliberately lied and breach the Contract for Deed, the Defendants now are telling the Plaintiffs they are not buying the property. The Plaintiffs states that the monthly payments were set at $725.00 a month, with 2% going for the principle.

Plaintiffs further state that Defendants violated the Kentucky Consumer Protection Act by placing a false ad in the newspaper concerning owner financing. Plaintiffs state that Defendants Kathleen and Wilburn Sisco "are charging a Finance charge pursuant to 15 U.S. Code § 1605 & 12 CFR Part § 1026.4 [Finance charge 2% rate going to the principle of the house]." (Alteration by Plaintiffs). They state that Defendants failed to inform them about an existing lien on the property and failed to record the property lien in accordance with Kentucky's recordation statutes and requirements. Plaintiffs also allege that Defendants misled them and "tried to scam" them in various other ways in connection with the transaction. They further state that Defendants "conspired together to violate the Plaintiffs right to the property."

As relief, Plaintiffs request that the Court declare the acts of Defendants unlawful; award them $116,000 in damages; declare that Defendants "failed to record and perfect the lien on the property"; and award punitive damages for Defendants' "gross negligence and [Kentucky Consumer Protection Act] paragraphs."

## II. ANALYSIS

*Pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assoc. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir. 2006). Moreover, federal courts have an independent duty to determine whether they have jurisdiction and to "police the boundaries of their own jurisdiction." *Douglas*, 150 F.3d at 607 (citing *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997)).

The party who seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377. There are two ways a federal district court may have jurisdiction over a case. The first is through federal question jurisdiction under 28 U.S.C. § 1331, and the second is through diversity jurisdiction under 28 U.S.C. § 1332.

### *Federal question jurisdiction*

In the present case, Plaintiffs have not established federal question jurisdiction under 28 U.S.C. § 1331. The complaint specifically states that Plaintiffs are bringing the action for violation of the Kentucky Consumer Protection Act and for common law claims of breach of implied and express warranties, unjust enrichment, negligent misrepresentation, and fraud, which are state law claims. The complaint also alleges a state law claim of breach of contract. However, Plaintiffs have not alleged the violation of any federal statute or any federal statutory or constitutional right. While Plaintiffs state that Kathleen and Wilburn Sisco "are charging a Finance charge pursuant to 15 U.S. Code § 1605 & 12 CFR Part § 1026.4 . . . ," they do not allege a violation of these provisions or any other federal statute. For these reasons, Plaintiffs fail to demonstrate jurisdiction under 28 U.S.C. § 1331.

### *Diversity jurisdiction*

Additionally, Plaintiffs fail to establish diversity jurisdiction under 28 U.S.C. § 1332. To give rise to jurisdiction under § 1332, there must be complete diversity of citizenship, and the amount in controversy must exceed "the sum or value of $75,000, exclusive of interest and costs[.]" 28 U.S.C. § 1332. Complete diversity requires that "each defendant [be] a citizen of a different State [than] each plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373, (1978). Here, on the face of the complaint, such diversity does not exist. Plaintiffs, Kentucky

residents, assert that Defendants also reside in Kentucky. Therefore, Plaintiffs fail to demonstrate diversity jurisdiction under 28 U.S.C. § 1332.

### III. CONCLUSION

Because Plaintiffs have failed to establish that this Court has subject-matter jurisdiction over this action, the Court will dismiss this action by separate Order.

Date: April 5, 2017

**David J. Hale, Judge**
**United States District Court**

cc: Plaintiffs, *pro se*
   Counsel of record
4415.010